PARRO, J.,
dissenting in part.
|,I concur with the majority on all issues except the award of nonpecuniary damages. Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpe-cuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss. LSA-C.C. art. 1998. Comment (c) of the 1984 Revision Comments to this article clarify that a contract made for the gratification of a nonpecuniary interest means one intended to satisfy an interest of a spiritual order, such as a contract to create a work of art, or a contract to conduct scientific research, or a contract involving matters of sentimental value. I do not believe a bulkhead, boat slip, and deck satisfy this description, even when *793 constructed as appurtenances to one’s “dream home.” Moreover, the evidence does not show that the contractor knew or should have known that the Mathernes had an emotional connection to these constructions.
Accordingly, I respectfully dissent from the majority’s affirmation, albeit modified, of any award for that item of damages.